UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-cr-165 (JRT/LIB) (16) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| William James Fasthorse, | |
| Defendant. | |

_____

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510], and upon Defendant's Motion for Severance, [Docket No. 516].

On October 8, 2015, Defendant, through counsel, submitted a Letter, [Docket No. 865], indicating his intent to submit all of his motions, including his Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510], and Motion for Severance, [Docket No. 516], on the written submissions of the parties.  On October 19, 2015, the Court took the Defendant's motions under advisement on the parties' written submissions.

For the reasons discussed below, the Court recommends **DENYING** Defendant's Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510], and, also recommends **DENYING** Defendant's Motion for Severance, [Docket No. 516].

1

## I.    BACKGROUND AND STATEMENT OF FACTS

The Government alleges that between April 2014, and April 2015, "the defendants, conspiring with and aiding and abetting one another and other persons known and unknown to the grand jury participated in various roles and ways to procure, transport, and distribute controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone to the communities in and surrounding the Red Lake Indian Reservation, the White Earth Indian Reservation, and Native American communities elsewhere." (Indictment, [Docket No. 1], at ¶ 1). The controlled substances were procured and transported from Detroit, Michigan; Chicago, Illinois; and Minneapolis, Minnesota, among other locations. (Id. at ¶ 2). The Indictment charges a total of forty-one (41) defendants as violating "Title 21, United States Code, Section 841(a)(1)." (Id. at ¶ 12, Count I).

Regarding the present Defendant, the Indictment alleges that Defendant, along with other co-defendants, "did, among other things, facilitate, supervise, manage, transport, maintain residences, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Id. at ¶ 11). The Indictment also alleges that Defendant's conduct as a member of the "narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved quantities of mixtures and substances containing detectable amounts of heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, in violation of Title 21, United States Code, Section 841(b)(1)(C)." (Indictment, [Docket No. 1], at ¶ 18).

On March 2, 2015, an Assistant United States Attorney submitted an application for the interception of electronic and wire communications to and from a telephone registered to Defendant Calvin NMN Beasley and used by Defendant Omar Beasley. (Govt.'s Ex. 7, 1-13). On that same date, the Honorable John R. Tunheim, Chief United States District Judge for the

District of Minnesota, issued an Order authorizing the interception of electronic and wire communications associated with that telephone. (Id. at 90-99). On March 17, 2015, the Assistant United States Attorney filed a final report regarding the electronic surveillance authorized by the March 2, 2015, Order. (Id. at 112-119). Nothing in the application, affidavit in support thereof, or the final report indicates that Defendant's telephone or any conversation Defendant took part in was subject to electronic surveillance. (See, gen., Id.).

On March 26, 2015, another Assistant United States Attorney submitted a second application for the interception of electronic and wire communications to and from a telephone used by Defendant Omar Beasley. (Govt.'s Ex. 8, 1-12). On that same date, the Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, issued a second Order authorizing the interception of electronic and wire communications associated with that telephone. (Id. at 107-117). On April 10, 2015, the Assistant United States Attorney filed a final report regarding the electronic surveillance authorized by the March 26, 2015, Order. (Id. at 129-133). Nothing in the application, affidavit in support thereof, or the final report indicated that Defendant's telephone or any conversation Defendant took part in was subject to electronic surveillance. (See, gen., Id.).

II.     **DEFENDANT'S MOTION TO SUPPRESS CONTENTS OF INTERCEPTED WIRE OR ORAL COMMUNICATIONS DERIVED THEREFROM, [DOCKET NO. 510]**

Defendant moves the Court for an order suppressing the contents of any intercepted wire or oral communication or any evidence derived from the intercepted communications. (Def.'s Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510).

In pertinent part, 18 U.S.C. § 2518(10)(a), confers standing to seek suppression of evidence obtained by unlawful electronic surveillance upon "[a]ny aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof[.]"  Courts have interpreted the term "aggrieved person," as used in 18 U.S.C. § 2518(10)(a), in accord with Fourth Amendment caselaw to mean a person having a reasonable expectation of privacy in the intercepted communication, device, or location subject to the challenged surveillance. See, e.g., United States v. Gonzalez, Inc., 412 F.3d 1102, 1116 (9th Cir. 2005) amended on denial of reh'g, 437 F.3d 854 (9th Cir. 2006) (requiring reasonable expectation of privacy in premises and phone subject to surveillance to have standing to move to suppress evidence gathered from the surveillance); United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 1991) (same); accord United States v. Civella, 648 F.2d 1167, 1171 (8th Cir. 1981) (holding that a defendant may challenge evidence gathered as the result of electronic surveillance only if the defendant shows that the order authorizing the surveillance was directed at the defendant, the surveillance intercepted the defendant's own communications, or that the surveillance occurred at least partly on the defendant's premises).

Defendant has not offered any facts whatsoever that indicate that the order authorizing the electronic surveillance in the present case was directed at him, his telephone or residence, or that any conversation in which he took part was intercepted.  Accordingly, Defendant has failed to demonstrate that he is an "aggrieved person" for the purposes of 18 U.S.C. § 2518(10)(a), and, as such, does not have standing to move to suppress evidence obtained by electronic surveillance in the present case. See, e.g., Civella, 648 F.2d 1171.

Even assuming solely for the sake of argument that Defendant had demonstrated that he possessed standing to move for suppression of electronic evidence in the present case, Defendant has offered only boiler plate assertions unsupported by any specific facts or legal argument that the Court should suppress evidence obtained by electronic surveillance in this case.

"In motions to suppress evidence, a moving party must specify the statement or evidence which is sought to be suppressed, and articulate with clarity the factual and legal basis upon which each is sought to be suppressed." United States v. Quiroz, 57 F. Supp. 2d 805, 822 (D. Minn. 1999), aff'd sub nom United States v. Vasquez, 213 F.3d 425 (8th Cir. 2000). Where a defendant "alleges only the barest allegation of taint, . . . [s]uch allegations are not sufficient to require a[n evidentiary] hearing." United States v. Losing, 539 F.2d 1174, 1179 (8th Cir. 1976). In addition, in light of Defendant's failure to advise the Court of any specific factual or legal grounds whatsoever that would support his motion to suppress evidence, the Court may recommend denying his Motion "on that basis alone." United States v. Jones, Crim. No. 09-260(1) (DWF/RLE), 2009 WL 4723341, at *4 (D. Minn. Oct. 30, 2009) (Erickson, C.M.J.) (citing United States v. Mims, 812 F.2d 1068, 1074 (8th Cir. 1987); and Quiroz, 57 F. Supp. 2d at 822–23 ("boilerplate motion" to suppress statements denied due to failure to satisfy specificity requirement)).

Because Defendant has not demonstrated that he has standing to move to suppress any evidence obtained by electronic surveillance in this case and has provided no specific factual or legal grounds whatsoever as to why this Court should suppress evidence obtained by electronic surveillance, the Court recommends **DENYING** Defendant's Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510].

### III.   DEFENDANT'S MOTION FOR SEVERANCE, [DOCKET NO. 516]

Defendant moves the Court for an order, pursuant to Federal Rule of Criminal Procedure 14, severing his case from those of all of the other defendants in the present case. (Def.'s Motion for Severance, [Docket No. 516]).

#### A.  Standard of Review

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For proper joinder under this provision, it is not necessary that every defendant have participated in or be charged with each offense." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (internal quotation and citation omitted). "[R]arely, if ever, will it be improper for co-conspirators to be tried together." Id. (citing United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

The Federal Rules of Criminal Procedure also provide that if joinder creates prejudice to either the Government or a defendant, the Court may sever a trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[i]f, under Rule 8, joinder is proper, then the defendant seeking severance has a 'heavy burden' in demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Hopkins, No. 11–230 (DWF/SER), 2011 U.S. Dist. LEXIS 127071, at *25–26 (D. Minn. Oct. 5, 2011) (citing Warfield, 97 F.3d at 1019). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993); see also United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). "Joint trials play a vital role in the criminal justice system," because they achieve certain efficiencies, and because they "avoid[ ]

the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209–10

(1987). "Only in an unusual case will the prejudice resulting from a joint trial be substantial

enough to outweigh the general efficiency of joinder." Clay, 579 F.3d at 927 (citing United

States v. Al–Esawi, 560 F.3d 888, 891 (8th Cir. 2009)). "The risk of prejudice posed by joint

trials is best cured by careful and thorough jury instructions." United States v. Mickelson, 378

F.3d 810, 818 (8th Cir. 2004).

### B. Analysis

Defendant's Motion for Severance, [Docket No. 516], is conclusory and articulates no

specific facts demonstrating either (1) that joinder of the defendants was improper under Rule

8(b), or (2) that continued joinder will create prejudice sufficient to warrant severance pursuant

to Rule 14.

In fact, Defendant merely asks the Court to sever his trial pursuant to Rule 14 and Bruton

v. United States, 391 U.S. 123 (1968), without offering any facts or legal argument to support his

request. (See Def.'s Motion for Severance, [Docket No. 516]).

Defendant's motion as submitted on the present record is insufficient to sustain his heavy

burden to demonstrate that severance is warranted. The Court could summarily recommend

denying Defendant's motion on this basis alone.  However, in an abundance of caution, the Court

notes that in addition to the fact that Defendant has failed to sustain his burden, the underlying

alleged facts relevant to the present case indicate that joinder was indeed proper under Rule 8(b)

and that severance pursuant to Rule 14 is not warranted on the present record.

The underlying alleged facts articulated in support of the Indictment indicate that the

Defendants participated in the same series of acts or transactions constituting the charged

offenses. See Fed. R. Civ. P. 8(b). The facts as set forth in the Indictment indicate that the

defendants acting together conspired with others to possess, with intent to distribute, controlled substances including heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. (Indictment, [Docket No. 1]). Accordingly, under Rule 8(b), joinder of the Defendants was proper where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses[,]" and it is not necessary that each Defendant have participated in each offense. Warfield, 97 F.3d at 1019 (citing Fed. R. Crim. P. 8). The facts set forth in the Indictment in the present case indicate that Defendant, along with other co-defendants and alleged co-conspirators, "did, among other things, facilitate, supervise, manage, transport, maintain residences, receive and transfer funds, and distribute controlled substances during the course of the conspiracy." (Indictment, [Docket No. 1], at ¶ 11).

Because joinder of the Defendants was proper under Rule 8(b), Defendant necessarily bears the heavy burden of demonstrating that a joint trial will impermissibly infringe on his right to a fair trial. Nothing in the record presently before the Court indicates that Defendant stands to incur any specific prejudice attributable to joinder of the Defendants that would be sufficient to warrant severance.

Defendant's singular citation to Bruton, 391 U.S. 123, is similarly insufficient to show Defendant will incur any specific prejudice attributable to joinder of the Defendants that would be sufficient to warrant severance.  Defendant does not even assert that evidence admitted against other co-defendants will prejudice him or offer any argument that such prejudice can only be cured by severance pursuant to Bruton.

In Bruton, the petitioner and a co-defendant had been convicted of armed robbery in a joint trial after a postal inspector testified that Bruton's codefendant had confessed and had

"expressly implicat[ed]" the petitioner. Bruton, 391 U.S. at 124 n. 1. The trial court instructed

the jury that the co-defendant's confession "if used, can only be used against the [co-defendant].

It is hearsay insofar as the [petitioner] is concerned, and you are not to consider it in any respect

to the [petitioner], because insofar as he is concerned it is hearsay." Id. at 125 n. 2. The Supreme

Court, however, concluded that:

> [T]he introduction of [the co-defendant's] confession posed a substantial threat to
> the petitioner's right to confront the witnesses against him, and this is a hazard we
> cannot ignore. Despite the concededly clear instructions to the jury to disregard
> [the co-defendant's] inadmissible hearsay evidence inculpating petitioner, in the
> context of a joint trial we cannot accept limiting instructions as an adequate
> substitute for petitioner's constitutional right of cross-examination. The effect is
> the same as if there had been no instruction at all.

Id. at 137. For that reason, the Supreme Court reversed the petitioner's conviction in Bruton. Id.

at 126, 137.

However, even the Bruton court suggested that redaction from co-conspirator testimony

may be sufficient to cure any prejudice caused by the introduction of a co-defendant's

incrimination statement, and acknowledged that "[n]ot every admission of inadmissible hearsay

or other evidence can be considered to be reversible error unavoidable through limiting

instructions." Id. at 134 n. 10, 135. In Richardson v. Marsh, 481 U.S. 200 (1987), the Supreme

Court further distinguished between co-defendant statements that are "facially incriminating,"

and statements which merely are "incriminating by connection." Id. at 209. When a co-

defendant's statement is facially incriminating of the defendant, redaction or even severance may

be required because it is more difficult for jurors to set aside such evidence. Id. at 208. However,

the Court rejected the suggestion that the rule in Bruton extend to confessions that are

incriminating by connection as both impractical and unnecessary. Id. at 208–09.

In the present case, Defendant has not supported his motion by identifying any specific incriminating co-defendant statements that he believes would, if introduced at trial, prejudice him. Moreover, Defendant has not articulated any specific reason why the jury would be unable to compartmentalize any redacted statements or evidence upon being given proper instruction by the Trial Judge to do so. (See, gen., Def.'s Motion for Severance, [Docket No. 615]).

As articulated above, there is a strong preference in the federal system for joint trials. In light of that preference, and at this early juncture, where Defendant can only invite the court to speculate as to what evidence the Government might actually seek to introduce at a joint trial, severance is not, at this time, appropriate. "Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances." United State v. Billups, No. 06-cr-129 (PJS/AJB), F. Supp. 2d 697, 706 (D. Minn. 2006).

For all the reasons articulated above, the Court recommends **DENYING** Defendant's Motion for Severance, [Docket No. 615], without prejudice.

## IV.   CONCLUSION

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendant's Motion to Suppress Contents of Intercepted Wire or Oral Communications Derived Therefrom, [Docket No. 510], be **DENIED**, as set forth above; and,

2. That Defendant's Motion for Severance, [Docket No. 516], be **DENIED**, as set forth above.

Dated: November 19, 2015                    s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            U.S. MAGISTRATE JUDGE

# **N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.